NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-00315-KSF

ROBERT A. WOOTON                                                                                        PLAINTIFF

VS:                              **MEMORANDUM OPINION AND ORDER**

EASTERN STATE HOSPITAL, et al.                                                                DEFENDANTS

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Robert A. Wooton, a resident of Keene, Kentucky, has submitted[1] a second *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, with a second Motion to Proceed *in forma pauperis*, in as many months. In the former civil action, *Wooton v. Corman*, 5:09-CV-266-JBC, the Plaintiff was granted permission to proceed *in forma pauperis* but the Complaint was dismissed upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The instant Complaint is now before the Court for initial screening. 28 U.S.C. §1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). As Plaintiff is appearing *pro se*, the Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Plaintiff's allegations are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

However, the Court must dismiss a case at any time if it determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B). After due consideration, this Complaint will be dismissed because the Court has determined that it

---

[1] Plaintiff originally filed the instant complaint in the United States District Court for the Western District of Kentucky. By order of that Court, the matter was transferred to this Eastern District of Kentucky Court and then the Lexington Jury Division for proper venue.

falls within the purview of reasons mandating dismissal under Section 1915(e)(2)(B).

## ALLEGATIONS AND CLAIMS

As the Defendants, Plaintiff names the Eastern State Hospital; Kevin Corman; and the Jessamine County, Kentucky, "Sheriffs." His Statement of Claim, begins, "Eastern State was covering up Kevin Cormans wire taps he has in my right and left ears and sences in my eyes and left nose. The doctor look in and lied about the wire taps in my ears . . . ." As in his preceding civil action, Plaintiff has attached two pages of similarly delusional allegations.

The Plaintiff lists those portions of the U.S. Constitution which were purportedly violated, specifically the First, Sixth, Seventh, Eighth, Ninth, and Thirteenth Amendments, and he also alleges violations of unspecified state and local laws. As relief, Plaintiff asks that the Court send his medical records to the F.B.I. in Louisville, Kentucky; grant him a restraining order against the Eastern State Hospital; order an award of ten (10) million dollars; and have "Kevin Corman relieved from office for wire tapping my body."

## DISCUSSION

In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court dictated that it is the duty of the court to "determine whether . . . [a] complaint makes an arguable legal claim and whether it is based on rational facts." *Id.* at 325. *See also Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.), *cert. denied*, 498 U.S. 867 (1990). If the complaint "lacks an arguable basis either in law or fact," then it is frivolous. *Neitzke*, 490 U.S. at 325.

The Court finds that the Plaintiff's instant Complaint, like his previous one, lacks an arguable basis in fact, and is, indeed, frivolous. *See Hagans v. Lavine*, 415 U.S. 528, 537 (1974); *Health Cost Controls v. Skinner*, 44 F.3d 535, 537 (7th Cir. 1995) (court should dismiss claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, or obviously

frivolous" for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)).

Moreover, the finding of frivolousness triggers the following law, which was effective April 26, 1996:

> [T]he court shall dismiss the case at any time if the court determines that--
> (A)    the allegation of poverty is untrue; or
> (B)    the action or appeal--
>     (i)    is frivolous or malicious;
>     (ii)    fails to state a claim on which relief may be granted; or
>     (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2).

Thus, under the Constitution, judicial jurisprudence, and federal statutory law, the instant Complaint must be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)    Wooton's Motion to Proceed *in forma pauperis* [Record No. 3] is **GRANTED**.

(2)    This cause of action will be **DISMISSED**.

(3)    Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

This 2nd day of October, 2009.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**